IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REBA H. SMITH )
)
v. ) NO. 3-15-670
) JUDGE SHARP
HENDERSONVILLE HOSPITAL )
CORP. )

MEMORANDUM

Pending before the Court is the fully-briefed Motion for Summary Judgment (Docket No. 20) filed by Defendant Hendersonville Hospital Corporation ("the Hospital") on Plaintiff Reba H. Smith's age discrimination claim. For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED. Prior to reaching that Motion, however, the Court addresses Plaintiff's Motion to Hold Case in Abeyance.

MOTION TO HOLD CASE IN ABEYANCE

At first blush, this Motion appears to request that this case be stayed. The basis for such a request stems from the fact that Plaintiff's counsel, Andy Allman, has been suspended from the practice of law, and, in her Motion, Plaintiff seeks "additional time to seek new counsel and time to meet with the appointed receiver attorney." (Docket No. 44 at 1).[1] However, in an accompanying letter that was also filed with the Court, Plaintiff wrote:

> Since Andy Allman is not longer representing me and we are now awaiting summary judgment, I want to let you know that I have contacted almost every attorney listed on the Tennela website and am continuing to seek new counsel.
>
> Two of those attorneys have agreed to represent me but only after summary judgment has been decided.

---

[1] Originally, Plaintiff was given until December 9, 2016, within which to find new counsel. (Docket No. 31). At her request, that deadline was extended to January 20, 2017. (Docket No. 37).

> This letter is requesting for an opportunity for my case to be represented, therefore I am asking for favor as you make a summary judgment.

(Docket No. 45 at 1). This seems to suggest that while Plaintiff wants to retain new counsel, she anticipates that the Motion for Summary Judgment will be ruled upon in the interim.

Regardless, a response to the Motion for Summary Judgment (Docket No. 27) was filed by Mr. Allman prior to his suspension and Defendant has filed a reply (Docket No. 41), making the motion ripe for ruling. In fact, the trial date of January 31, 2017, was cancelled in order to afford the Court the opportunity to rule on the pending Motion for Summary Judgment. Even were new counsel to appear on Plaintiff's behalf today, this would not change the fact that the summary judgment record is complete. Thus, to the extent Plaintiff may be requesting a stay of the case, her Motion to Hold Case in Abeyance will be denied.

INTRODUCTION TO UNDERLYING MERITS

Plaintiff Smith is a former employee of Defendant Hendersonville Hospital, where she worked as a registered nurse, as a case manager, and as a Utilization Review Coordinator. In all those positions, Plaintiff received good performance evaluations and reviews. In early 2014, Plaintiff applied to transfer to a part-time position as a Clinical Documentation Specialist ("CDS") and was awarded that position on April 21, 2014.

The parties dispute the extent to which Plaintiff was trained for the CDS position and whether such training was adequate. In any event, Plaintiff did not meet the performance or productivity requirements of the CDS position, and Defendant placed her on a written Performance Improvement Plan. Plaintiff was given thirty days in which to improve her

performance and productivity to acceptable levels. Because her performance did not improve, Defendant removed her from the CDS position.

At the same time, Defendant offered Plaintiff the chance to apply internally for alternative positions.  Plaintiff contends that she was not qualified for any of the alternative positions. Defendant gave Plaintiff until October 8, 2014, to apply internally for another position, but she never did. When Defendant terminated her employment, Plaintiff was classified in Defendant's records as "eligible for rehire."

Plaintiff alleges that she was terminated because of her age.  In her charge with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff stated that the alleged discriminatory treatment covered a five-month time period from April 20, 2014, until September 15, 2014. She contended that she did not receive proper training or equipment to perform her job as a CDS; that she complained about the lack of training to no avail; and that Defendant discharged her because she failed to meet the performance standards of the CDS position. Based on these three allegations, Plaintiff contended that Defendant discriminated against her because of her age (71).

On June 15, 2015, Plaintiff filed this action, alleging violations of the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA").  Defendant has filed a Motion for Summary Judgment, arguing that Plaintiff cannot show that its legitimate, non-discriminatory reason for ending her employment was a pretext for age discrimination.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009).  The party bringing the

summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

To establish her claim for age discrimination under the ADEA and the THRA,[2] Plaintiff must show that (1) she was at least 40 years old at the time of the alleged discrimination, (2) she was subjected to an adverse employment action, (3) she was otherwise qualified for the position,

---

[2] Age discrimination claims brought under the THRA are governed by the same evidentiary framework that applies to ADEA claims. *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001).

4

and (4) similarly-situated, non-protected employees were treated more favorably. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008).

If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Rowan v. Lockheed Martin Energy Systems, Inc.,* 360 F.3d 544, 547 (6th Cir. 2004). If Defendant provides a legitimate, nondiscriminatory reason, the burden shifts back to Plaintiff to show that the reason given by Defendant was just a pretext for unlawful bias against age. *Id*. Plaintiff may demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Best v. Blount Memorial Hosp.*, 195 F.Supp. 2d 1034, 1042 (E.D. Tenn. 2001). In any event, Plaintiff retains the ultimate burden of producing sufficient evidence from which the jury could reasonably reject Defendant's explanation and infer that Defendant intentionally discriminated against her because of her age. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001).

Defendant concedes, for purposes of this Motion only, that Plaintiff can establish a *prima facie* case. Defendant argues, however, that Plaintiff cannot show that Defendant's legitimate, non-discriminatory reason for terminating her employment (poor performance in the CDS position) was actually pretext for age discrimination.

Defendant first argues that any claims concerning conduct prior to April 20, 2014, are time-barred.[3] Plaintiff's EEOC Charge, filed on February 2, 2015, stated that the alleged

---

[3] In her Complaint, but not in her EEOC charge, Plaintiff asserts that harassment due to her age was "part and parcel" of one of her earlier positions, the Utilization Review Coordinator.

discrimination took place at the earliest on April 20, 2014, and the latest on September 15, 2014. Docket No. 20-3. Under the section for identifying the basis of the alleged discrimination, Plaintiff marked only the box for age. She did not check the box for "Continuing Violation." The only discrete act of discrimination alleged in the particulars of Plaintiff's claim is her discharge. *Id.*

As a general rule, a plaintiff cannot bring employment discrimination claims in a lawsuit that were not included in her EEOC charge. *Kuhn v. Washtenaw County*, 709 F.3d 612, 627 (6th Cir. 2013). Inclusion in an EEOC charge of discrete acts of discrimination to support a claim of disparate treatment cannot, standing alone, support a claim of hostile work environment unless the allegations in the complaint can be reasonably inferred from the facts alleged in the claim. *Id.*; *Wells v. Steve Madden, Ltd.*, 2015 WL 4476597 at * 2 (M.D. Tenn. July 22, 2015).

Here, the Court finds that Plaintiff did not allege, in her EEOC charge, facts from which one could infer that her workplace was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment, as required for a hostile work environment claim.[4] Therefore, the Court finds that Plaintiff has not shown a continuing hostile work environment violation, and any alleged misconduct prior to April 20, 2014, is time-barred.

Plaintiff asserts that she has presented direct evidence of age discrimination through her testimony about ageist comments by various other employees that show a discriminatory animus. For example, Plaintiff avers that her supervisor, Mr. Reed, once told her that Sarah in the Bible

---

[4] *Kuhn*, 709 F.3d at 626-27.

had a baby when she was 90 or 100 years old and he thought Plaintiff could probably still do the job. Docket No. 20-1, p. 27 (page 73 of Plaintiff's Deposition).

As recently held by another district court, case law does not extend the label of direct evidence to comments made by every manager in the corporate setting. *Diakow v. Oakwood Healthcare, Inc.*, 2017 WL 75968 at * 10 (E.D. Mich. Jan. 9, 2017). Any discriminatory statements must come from decisionmakers to constitute evidence of discrimination. *Geiger v. Tower Automotive*, 579 F.3d 614, 620-21 (6th Cir. 2009). Statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process itself, cannot suffice to satisfy the plaintiff's burden of demonstrating animus. *Id.* at 621. Isolated and ambiguous comments are too abstract to support a finding of age discrimination. *Dillard v. Tyco Integrated Security, LLC*, 2015 WL 1811822 at * 11 (M.D. Tenn. April 21, 2015).

The Court finds that the statements alleged by Plaintiff to be discriminatory are isolated and ambiguous. For example, Plaintiff contends that Ms. Magoun, the employee who trained Plaintiff, spoke to Plaintiff frequently about her mother, who was Plaintiff's age and was not able to do any work. Plaintiff also asserts that Mr. Reed once told Plaintiff she should refrain from "jumping around" because she could break her hip. Even if these statements were made by decisionmakers,[5] the Court finds them to be ambiguous and insufficient evidence of discriminatory animus based upon age. Plaintiff has not presented direct evidence of age discrimination.

---

[5] As indicated below, Plaintiff is not clear on who she believes the decisionmaker in this case to be. Reed has testified, however, that he made the decision to terminate her employment. Docket No. 23, ¶ 13.

Plaintiff does not dispute that Defendant had a legitimate reason to discharge her. She has not refuted the accuracy of Defendant's assessment of her performance as a CDS. Moreover, Plaintiff is not able to identify the person(s) who made the decision to fire her.[6] For example, Plaintiff testified that she was not aware of a specific person who instructed or told Mr. Reed to fire her. Docket No. 20-1, p. 42 (page 134 of Plaintiff's deposition). She repeatedly testified that Mr. Reed did not make the decision to fire her. She also testified that Mr. Reed did not discriminate against her. Docket No. 20-2, p. 2 (page 233 of Plaintiff's deposition).

Plaintiff argues that Defendant provided inadequate training in order to set her up to fail. Plaintiff testified, however, that Ms. Magoun was motivated to not help Plaintiff succeed because Magoun knew that she needed a full-time "certified coder," and Plaintiff was neither full-time nor a certified coder. Plaintiff also testified that Magoun did not have time to train anybody. Neither of these alleged motivations has anything to do with age. Plaintiff testified that her conclusions that the issues she had were age-related were "just my opinion. I don't know if it's right." Docket No. 20-2, p. 10 (page 249 of Plaintiff's deposition). In attacking an employer's explanation for its discharge, a plaintiff may not rely upon mere personal beliefs, conjecture and speculation. *Southmayd v. Apria Healthcare, Inc.*, 412 F.Supp. 2d 848, 858 (E.D. Tenn. 2006). "The ADEA was designed to protect older workers from arbitrary classifications on the basis of age, not to restrict the employer's rights to make *bona fide* business decisions." *Id*. (quoting *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1179 (6th Cir. 1983)).

---

[6] For example, when asked to name the person(s) at Hendersonville Hospital who she believed intentionally discriminated against her because of her age, Plaintiff testified she didn't know. Docket No. 20-1, p. 23 (page 66 of Plaintiff's deposition).

Moreover, even if Defendant's training was inadequate, which the Court does not find, Plaintiff has not shown that such inadequacy has anything to do with age. She has not shown that similarly-situated younger employees were given different or better training for the CDS position.

CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED, and this action is DISMISSED. As indicated in the accompanying Order, Plaintiff's Motion to Hold Case in Abeyance (Docket No. 44) is, therefore, moot.

IT IS SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE